■ PAULINE LOW, Appellant, v. RICHARD K. VAN NOSTRAND et al., Defendants, and CHESEBROUGH-POND'S INC., Respondent.— Order, entered March 10, 1966, unanimously modified, on the law, on the facts, and in the exercise of discretion, to fix the sum of $3,000 as the amount awarded to Bennett Frankel, Esq., for legal fees and disbursements to be paid by Chesebrough-Pond's, Inc., and otherwise affirmed, with $30 costs and disbursement to appellant. In light of the relevant factors to be considered in fixing reasonable compensation to successful counsel in a stockholder's derivative action (including benefit to the corporation, time justifiably and reasonably spent by counsel, his standing and reputation at the Bar, and his reasonably incurred expenditures, see *Garfield* v, *Equitable Life Assur. Soc.* (24 A D 2d 74); *Marine Midland Trust Co.* v. *Forty Wall St. Corp.* (13 A D 2d 118, affd. 11 N Y 2d 679); *Ripley* v. *International Rys. of Cent. America* (16 A D 2d 260, affd. 12 N Y 2d 814), the allowance fixed at Special Term was inadequate; and the record suggests and supports the allowance fixed as aforesaid. Concur — Breitel, J. P., McNally, Stevens and Eager, JJ.

■ In the Matter of NASES KANDEL, Respondent, v. CECILE KANDEL, an Alleged Incompetent Person, Appellant.— Order entered March 16, 1966, directing that a commission issue to inquire by a Sheriff's jury into the matter set forth in the petition, unanimously modified on the law, the facts and in the exercise of discretion, to the extent of vacating the commission and directing that the question of fact of the competency of the alleged incompetent shall be tried by a jury at a Trial Term of the Supreme Court appointed to be held in New York County commencing on the 6th day of June, 1966. We think in the interests of justice and expeditious disposition such a procedure is desirable (*Matter of Grau*, 205 App. Div. 893, Nos. 1, 2). Costs and disbursements will be allowed all parties filing briefs, payable out of the estate, in the event, and only in the event that there is an adjudication of incompetency. Otherwise the disposition is without costs or disbursements to either party. Order entered April 21, 1966, herein appealed from, unanimously affirmed, with $30 costs and disbursements to all parties filing briefs, payable out of the estate, in the event and only in the event there is an adjudication of incompetency. In the absence of such an adjudication no costs or disbursements will be allowed. Settle order on notice fixing date for examination to proceed. Concur — Breitel, J. P., McNally, Stevens and Eager, JJ.

■ ALONZO CLEVELAND, JR., an Infant, by His Father, ALONZO CLEVELAND, et al., Appellants, v. DAVID WOLINSKY, Respondent.— Order entered February 3, 1966, herein appealed from, unanimously reversed on the law and in the exercise of discretion and the motion for leave to serve a supplemental complaint is granted, with $30 costs and disbursements to appellants. The incidents of rat bites, alleged to have occurred, were on the same premises, the action is between the same parties, the basic qustions involved are the same, and only the time lapse between the events is offered to support the claim of possible prejudice. This argument upon examination is found to be of little merit, for under proper circumstances the jury might be made aware of the incidents (Richardson, Evidence [9th ed.], § 201). Wherever warranted leave to serve a supplemental complaint should be freely granted upon such terms as may be just (CPLR 3025). Concur — Breitel, J. P., McNally, Stevens and Eager, JJ.